WILLIAM M. NARUS, CAB #243633
Acting United States Attorney
District of Oregon
**WILLIAM M. McLAREN, OSB #143836**
William.McLaren@usdoj.gov
Assistant United States Attorneys
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone: (541) 465-6771
Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 6:24-cr-00019-MC |
| v. | **UNITED STATES' SENTENCING MEMORANDUM** |
| GARY WADE RONNING, | |
| Defendant. | Sentencing: June 25, 2025, at 2:00 p.m. |

Defendant Gary Wade Ronning, 40, engaged in sexual chats with three social media users he thought to be girls aged 13- to 15-years-old. Fortunately, undercover detectives were on the other end of the chats each time. While no one was harmed in these interactions, Mr. Ronning's multiple attempts to entice minors were accompanied with detailed plans to meet with them, repeated requests to keep the chats secret, and Mr. Ronning both sought from and sent sexual imagery to the purported minors.

To assign accountability in this case, the parties jointly recommend this Court impose a sentence of 130 months' imprisonment and, given Mr. Ronning's criminal history and potential risk of future offenses, the government recommends a term of supervised release of ten years.

**Page 1 – UNITED STATES' SENTENCING MEMORANDUM**

BACKGROUND

The facts are accurately set forth in paragraphs 15 through 24 of the Presentence Investigation Report ("PSR"), which is incorporated herein by reference.

**A.    Chats with First Decoy Minor**

An undercover law enforcement detective (UC) created and maintained a fake, publicly-visible profile under an assumed minor's name for criminal investigative purposes related to online enticement of minors. The UC had no knowledge of or contact with Ronning prior to receiving a friend request from him in March of 2023. PSR ¶ 15.

The first decoy minor victim, "Amanda" (hereinafter, Decoy Minor 1 or "DM1") was depicted as a 15-year-old girl from Redmond, Oregon.

On March 16, 2023, Mr. Ronning initiated contact with DM1 by using Facebook Messenger. PSR ¶ 16. At the outset of the conversation, DM1 told Mr. Ronning she was 15 years old. *Id*. Throughout the conversation, DM1 stated that she was in the ninth grade in high school. PSR ¶ 16. Mr. Ronning acknowledged DM1's purported age—at one point in the chats offering to buy DM1 a car when she graduates high school. *Id*.

Between March and April of 2023, Mr. Ronning continued to chat with DM1 using Facebook Messenger and he requested "sexy" photographs of DM1 in panties and other photographs of her body. *Id*. He announced his desire to use the images to masturbate and sent DM1, among other things, a video of himself masturbating to ejaculation, telling DM1, "I did it for you baby." *Id*.

On July 3, 2023, Mr. Ronning expressed interest in meeting DM1, including attempts to orchestrate a meeting and, in the same conversation, discussing anal and oral sex with DM1. PSR ¶ 18. Mr. Ronning did not follow through on these plans.

### B. Chats with Second and Third Decoy Minors

On October 29, 2023, Mr. Ronning began communicating with a second decoy minor, "Karley" (hereinafter, Decoy Minor 2 or "DM2"), who purported to be a 15-year-old female from Bend, Oregon. PSR ¶ 18. On October 30, 2023, Mr. Ronning expressed his intention to meet with DM2, who informed Mr. Ronning she was 15 years old. PSR ¶ 19.

On November 28, 2023, Mr. Ronning sent DM2 chats with explicit sexual language describing sexual acts he wished to perform on her and sending photographs of his genitals and the same masturbation video he had sent to DM1. PSR ¶ 20. Throughout the exchange, Mr. Ronning expressed awareness that his actions were illegal and requested that DM2 keep them secret, including: "You promise you'll never tell on me baby?" PSR ¶ 20.

On November 30, 2023, Mr. Ronning expressed intentions to meet DM2 the following Saturday morning, but he did not follow through. The UC operating the account portraying DM2 discontinued contact with Mr. Ronning at this point. PSR ¶ 21.

On November 28, 2023, Mr. Ronning began communicating with a third decoy minor "Breanna" (hereinafter, Decoy Minor 3 or "DM3"), who purported to be "almost 14" and in middle school. PSR ¶ 22. Mr. Ronning sent a picture to DM3 and requested a picture from DM3. *Id*. The conversation turned to sexually explicit language and Mr. Ronning discussed taking DM3's virginity and discussed visiting DM3. PSR ¶ 22. The conversation continued for several days and, as with the first two decoy minors, Mr. Ronning discussed meeting with DM3 and the sexual acts he desired perform on DM3. PSR ¶ 23. Mr. Ronning again sent a photograph of his exposed genitals to DM3. PSR ¶ 23. Throughout the exchange, Mr. Ronning expressed awareness that his actions were illegal and, when asked by DM3 if he worried about her age, Mr. Ronning stated, "No, as long as you never tell on me about what we do." PSR ¶ 23.

Page 3 – UNITED STATES' SENTENCING MEMORANDUM

## THE CHARGES & GUIDELINE COMPUTATIONS

Mr. Ronning pleaded guilty to Count Two of the indictment charged in this case, attempted coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  The government will move at the time of sentencing to dismiss the remaining charges pending against Mr. Ronning (Counts One, Three, Four and Five).

Count Two carries a mandatory minimum sentence of 10 years' imprisonment and up to lifetime imprisonment, a term of supervised release not less than five years' and up to life, a fine of up to $250,000, and a $100 fee assessment.

The guidelines are accurately set forth in the PSR at ¶¶ 29–35 and are consistent with those agreed-upon by the parties in the plea agreement at ¶ 8.  They are outlined below:

| Guidelines | Amount |
|---|---|
| Base Offense Level USSG §2G2.1(a) | 32 |
| Minor over age 12, under age 16 [§2G2.1(b)(1)(B)] | +2 |
| Use of computer [§2G2.1(b)(1)(6)(B)(ii)] | +2 |
| Attempt [§2X1.1(b)(1)] | -3 |
| Acceptance of Responsibility [§3E1.1(a) and (b)] | -3 |
| **Total Offense Level** | **30** |

A Total Offense Level of 30 and a Criminal History Category of VI results in an advisory guideline range of 168-210 months' imprisonment.

Based on negotiations between the government and the defendant, and considering the factors set forth in 18 U.S.C. § 3553(a), both parties jointly recommend a sentence of 130 months' imprisonment.  This would require a 3-level downward variance from the total offense level to reach an offense level of 27, resulting in a low end of the guideline range of 130 months, consistent with the parties' recommendation.

## DISCUSSION

Gary Wade Ronning presents with an extensive criminal history that includes assault constituting domestic violence, unlawful use of a weapon, menacing, harassment, theft, and contempt. Notably, Mr. Ronning's criminal history excludes any prior child sex crimes. His foray into making sexual plans with multiple decoy minors, including plans to pick them up in secrecy, is deeply troubling. The severity of his choices giving rise to this case is offset only by Mr. Ronning's unwillingness to follow through with those plans. Whether Mr. Ronning was simply fantasizing or deemed the risk too great is known only to him. Regardless of his choice to back off, the choices that preceded it merit the accountability of a 130-month sentence.

All involved should take solace in the controlled nature of the events in this case, and the fact that Mr. Ronning exchanged chats with adult detectives as opposed to young girls. Despite the quasi-fortunate outcome, Mr. Ronning acted intentionally and repeatedly to advance his stated goal to have sex with these decoy minors.

The clear need for deterrence, accountability, and societal protection should be considered in the context of Mr. Ronning's personal history and circumstances. Mr. Ronning presents with an extensive history of childhood trauma, difficulties in the foster system, substance abuse issues, and medical and psychological conditions. *See* PSR at ¶¶ 73–80. The full breadth of Mr. Ronning's difficulties is well-detailed in his sentencing materials, and the government agrees they very likely played a role in his choices to commit these offenses.

The parties' recommended sentence of 130 months will protect children from Mr. Ronning's proclivities and properly reflects his significant criminal history. The sentence is partly tempered by Mr. Ronning's personal history and characteristics, his choice not to physically meet the purported minors, and his lack of previous similar offenses.

**Page 5 – UNITED STATES' SENTENCING MEMORANDUM**

Following his custodial sentence and given Mr. Ronning's record of substance abuse and lengthy criminal history, the government respectfully recommends a ten-year term of supervision to facilitate Mr. Ronning's rehabilitation and promote continued accountability to the Court.

## CONCLUSION

The parties jointly recommend a sentence of 130 months' imprisonment. Additionally, the government recommends a ten-year term of supervision and a $100 fee assessment.

Dated: June 18, 2025

Respectfully submitted,

WILLIAM M. NARUS
Acting United States Attorney

s/ *William M. McLaren*
WILLIAM M. McLAREN
Assistant United States Attorney

Page 6 – UNITED STATES' SENTENCING MEMORANDUM